# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE DIAMOND CONSORTIUM INC, DAVID BLANK | § § | |
| v. | § § | Civil Action No. 4:17-MC-00002 |
| BRIAN MANOOKIAN, BRIAN CUMMINGS, CUMMINGS MANOOKIAN PLC | § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is The Diamond Consortium, Inc. D/B/A The Diamond Doctor and David Blank's Motion to Quash Third-Party Subpoenas (Dkt. #1). After reviewing the pleadings, the Court finds that the motion should be denied.

## BACKGROUND

*The Diamond Consortium, Inc. d/b/a the Diamond Doctor and David Blank v. Brian Manookian, et al.*, No. 4:16-cv-94 (E.D. Tex. 2016) is a civil action currently pending before the Court. On November 16, 2016, Defendants in that case served subpoenas on the following third-parties:

  a) PlainsCapital Bank ("PlainsCapital")
  b) Sprint Spectrum LP ("Sprint"); and
  c) Comercia Bank ("Comercia")

The subpoenas require compliance in Dallas Texas, with process returned by November 17, 2016 and production requested by December 16, 2016. Defendants did not send the required notice to Plaintiffs before service to the third-parties. To remedy the lack of notice, Defendants and Plaintiffs agreed that the third-parties' and Plaintiffs' response date would be postponed until January 9, 2017. Defendants served an amended subpoena on PlainsCapital Bank on December 8, 2016 with compliance required by January 9, 2017.

The subpoenas served on PlainsCapital and Comercia seek the production of "any and all statements from January 1, 2015 to the present for any account held by Diamond Consortium, Inc. d/b/a Diamond Doctor." The subpoenas served on Sprint seeks production of "Subscriber Information, toll records (CRD), and bill images for telephone number 214-335-XXXX for any and all bills or invoices covering the time period of October 1, 2015 through November 10, 2016." Sprint responded that it does not have responsive documents. PlainsCapital and Comercia have not objected to producing responsive documents.

On December 16, 2016, Plaintiffs filed the pending Motion to Quash Third-Party Subpoenas in the Northern District of Texas (Dkt. #1). On January 6, 2017, the Northern District of Texas transferred the motion to the Eastern District of Texas (Dkt. #4). On February 3, 2017, Defendants filed a response (Dkt. #5).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45(d)(3)(A), a court is required to quash or modify a subpoena that: (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of a privileged or protected matter; or (4) subjects a person to undue burden. *See also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817-18 (5th Cir. 2004). The moving party has the burden of proof to demonstrate "'that compliance with the subpoena would be 'unreasonable and oppressive.'" *Id.* at 818.

A party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979). *See also Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 2509367, at *1 (E.D. Tex. June 23, 2008). Under Rule 45, a court may "place conditions upon the production of documents where the request requires

disclosure of a trade secret or other confidential commercial information and the party seeking discovery shows a substantial need for the material that cannot otherwise be met without undue hardship." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 390 (N.D. Tex. 2003). Privacy concerns relating to discovery of banking documents are addressed by entry of a protective order. *See Frazier v. RadioShack Corp.*, No. CIV.A. 10-855-BAJ-CN, 2012 WL 832285, at *2 (M.D. La. Mar. 12, 2012); *Keybank Nat. Ass'n. v. Perkins Rowe Assocs., L.L.C.*, No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *3 (M.D. La. Jan. 11, 2011).

## ANALYSIS

Plaintiffs move to quash the subpoenas served on PlainsCapital, Sprint, and Comercia. Plaintiffs' motion to quash the subpoena Defendants served Sprint is moot because Sprint has responded that it does not have responsive documents. The Court thus will only address Plaintiffs' motion to quash the subpoenas served on PlainsCapital and Comercia.

Plaintiffs first argue that the subpoenas should be quashed because they were not given notice of the subpoenas. This argument is without merit. The parties agreed to postpone Plaintiffs' response date to address the lack of notice. Further, Defendants served an amended subpoena on PlainsCapital and provided timely notice.

Plaintiffs next argue that the subpoenas seek disclosure of confidential and proprietary business and personal information that is not relevant to any claim or defense in the case. Plaintiffs state that allowing discovery of bank records could provide Defendants with proprietary customer names and commercial business information. Defendants respond that Plaintiffs alleged in their damages disclosures that their revenues decreased as a result of Defendants' conduct. Defendants state that Plaintiffs have not produced banking and revenue records to Defendants to verify these

3

assertions.  Defendants seek any and all statements from January 1, 2015 to the present for any account held by Diamond Consortium, Inc. d/b/a Diamond Doctor.

The Court agrees that the bank records are relevant to Plaintiffs' damages claims.  Several other cases, including those cited by Plaintiff, have held that comprehensive protective orders sufficiently assure the confidentiality of documents containing trade secrets or other confidential commercial information.  *See Cmedia, LLC*, 216 F.R.D. at 390; *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2014 WL 772859, at *5 (N.D. Tex. Feb. 27, 2014).  Here, the Court issued a protective order that provides that documents produced by third parties may be marked as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" (Dkt. #5, Exhibit C).  The Court finds that the protective order adequately protects any confidential or proprietary information sought by the subpoenas.

## CONCLUSION

It is therefore **ORDERED** that The Diamond Consortium, Inc. D/B/A The Diamond Doctor and David Blank's Motion to Quash Third-Party Subpoenas (Dkt. #1) is hereby **DENIED**.

**SIGNED this 22nd day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE